UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE YA-WEN FENG,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT K. TRIPP,<br><br>   Defendant. | Case No. 24-cv-07539-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND APA REVIEW**<br><br>Re: ECF Nos. 17 |

Before the Court are Defendant Robert K. Tripp's motion to dismiss, ECF No. 23, and Plaintiff Yvonne Ya-Wen Feng's motions for preliminary injunction, ECF No. 17, and for judicial review under the Administrative Procedure Act, ECF No. 20. The Court will grant the motion to dismiss and deny the motions for preliminary injunction and APA review.

**I.    BACKGROUND**

On October 30, 2024, Feng filed a complaint[1] against "Robert K. Tripp, Special Agent in Charge of Federal Bureau Investigation" and "Doe," "Executor of Investigation case Yvonne Ya-Wen Feng." ECF No. 1 at 2. On January 30, 2025, Feng filed an amended complaint, ECF No. 16, against the same defendants. Although her allegations are sometimes difficult to follow, Feng appears to allege that she has invented and patented a "non-invasive therapy" that uses "magnetic devices to heal people without using drugs, needles or surgeries" and can treat "the spinal [cord], brain and center nerve[s]," "paralysis," "depression[, and] brain illnesses etc" with "no side effects or damages." *Id.* ¶ 5. Feng says that unnamed "pharmaceutical companies," threatened by her invention, "are using FBI mobs as killing machines, doing anything to revoke my license and

---

[1] For the purpose of Tripp's motion to dismiss, the Court accepts all factual allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

stop my practicing." *Id.* These "FBI mobs" and "their associates" have carried out several murder attempts against her, including by "injecting poisons into [her] head," poisoning her food and drinks, "order[ing] a contractor [she] hired working in [her] house to kill her," "hir[ing] peasants [to] try to kidnap [her] from buses," and "breaking into [her] house to inject drugs or make [her] breath[e] poisons" "every night," shooting radiation into her eyes, throat, abdomen, and kidneys, and causing her to suffer a scooter accident in which she broke eight ribs. *Id.* ¶¶ 3–5. In addition, Feng alleges that the FBI has stalked her, worked to block her from filing patents, caused every immigration lawyer she has contacted to decline to take her case, falsified medical records to make her seem delusional, and convinced her neighbors, family, friends, coworkers, and church members that she is mentally ill. *Id.* ¶¶ 2–5. Feng asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; violations of federal civil rights statutes, 18 U.S.C. §§ 241, 242, 245(b)(2), 248; defamation; and violations of the First, Fourth, and Fourteenth Amendments. ECF No. 1 at 9–11. She has also moved for a preliminary injunction, ECF No. 17, and for "written submission in judicial review under the Administrative Procedure Act" regarding her immigrant visa denials, ECF No. 20.

Tripp, appearing in his official capacity, moves to dismiss the amended complaint and opposes her motions for preliminary injunction and administrative review. ECF No. 23. Feng opposes the motion to dismiss, ECF No. 24, and Tripp has filed a reply, ECF No. 25. The Court took these motions under submission without a hearing on March 20, 2025. ECF No. 33.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court. *See* Fed. R. Civ. P. 12(b)(1). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject-matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

## III.     DISCUSSION

### 1.     Subject Matter Jurisdiction

Tripp argues that the Court lack subject matter jurisdiction over this action in light of the

substantiality doctrine. ECF No. 23 at 11–13. Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotations and citation omitted). "The claim must be so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Smith-Bey v. Hamlin*, No. 23-55788, 2025 WL 671115, at *1 (9th Cir. Mar. 3, 2025) (internal quotations and citation omitted). "Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausibly conspiracy theories." *Ou-Young v. Rudy*, No. 21-cv-07361-BLF, 2022 WL 2343043, at *3 (N.D. Cal. June 29, 2022). "District courts in this and other circuits dismiss cases with prejudice when they . . . involve claims regarding implausible government conspiracies, alleged government control or mental interference, and alleged planting of microchips." *Foster v. Carter*, No. 3:16-cv-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016) (collecting cases).

The substantiality doctrine forecloses the claims in this case. Feng alleges a conspiracy among pharmaceutical companies who seek to stop her from patenting a miracle medical invention and who, in furtherance of that aim, have enlisted "FBI mobs" to attack her with "radiation machines," "heavy poisons" injected in her food and drink, and a staged scooter accident, among other things. ECF No. 16 ¶¶ 2–5. These factual allegations underlie each of her legal claims. Courts have applied the substantiality doctrine to similar allegations in the past. *Zeiny v. United States*, No. 17-cv-07023, 2018 WL 1367389, at *3 (N.D. Cal. Mar. 16, 2018) ("One common theme in [substantiality doctrine] cases is alleged harassment by the intelligence services."); *Caruso v. United States*, No. 2:16-cv-2902-TLN-KJN PS, 2017 WL 1426998, at *2 (E.D. Cal. Apr. 21, 2017) (applying substantiality doctrine to dismiss claims alleging "a large conspiracy involving attorneys, pharmaceutical companies, and faculty from various academic institutions" too insubstantial to give rise to federal jurisdiction); *Zeiny v. United States*, No. 5:13-cv-01220 EJD, 2014 WL 1051341, at *4 (N.D. Cal. Mar. 17, 2014) (applying substantiality

3

1  doctrine to dismiss claims alleging "a conspiracy of clandestine CIA control over Plaintiff's travel,
2  religious practice, medical care, and employment"); *Ticktin v. Cent. Intel. Agency*, No. CV 08-
3  998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (applying substantiality doctrine
4  to dismiss claims that the CIA and/or FBI "target[ed] [plaintiff] for harassment and threats,
5  interfered with his employment, attempted to run him off the road, intended on a separate occasion
6  to kill him, and are currently tapping his phone lines and monitoring his email"); *Popovic v.
7  Grabar-Kitarovic*, No. 18-cv-03503 NC, 2018 WL 3439433, at *2–3 (N.D. Cal. July 17, 2018)
8  (applying substantiality doctrine to dismiss claims that Croatian defense operatives were "heavily
9  attack[ing] [plaintiff] with directed energy weapon" and inflicting "nightly torture episodes" on
10  her).

11  Taking its guidance from these authorities, the Court finds that Feng's claims in the instant
12  action are too insubstantial to give rise to subject-matter jurisdiction. "Having made that
13  determination, the Court need not and in fact cannot reach the [defendant's] alternative merits
14  arguments under Rule 12(b)." *Ou-Young v. County of Santa Clara*, No. 21-cv-07361-BLF, 2022
15  WL 1471411, at *4 (N.D. Cal. May 10, 2022). Accordingly, the Court will grant the motion to
16  dismiss. Notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, *see
17  Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam), the Court finds that
18  amendment would be futile and thus will not grant leave to amend.

19  Once a court dismisses claims for lack of subject matter jurisdiction under the
20  substantiality doctrine, the court retains "no power to make judgments relating to the merits of the
21  case." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1036 (9th Cir. 1985). The Court thus
22  denies as moot Feng's motions for preliminary injunction and APA review.
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

**CONCLUSION**

For the foregoing reasons, Tripp's motion to dismiss is granted with prejudice. Feng's motions for preliminary injunction and APA review are denied. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 6, 2025



JON S. TIGAR
United States District Judge