UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE YA-WEN FENG,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT K. TRIPP,<br><br>Defendant. | Case No. 24-cv-07539-JST<br><br>**ORDER DENYING MOTION TO VACATE ORDER, MOTION TO VACATE JUDGMENT, AND MOTION TO COMPLETE OR SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Re: ECF Nos. 40, 42, 47 |

Before the Court are Plaintiff Yvonne Ya-Wen Feng's motion to vacate judgment, ECF No. 40, motion to vacate order, ECF No. 42, and motion to complete or supplement the administrative record, ECF No. 47. The Court will deny the motions.

I.  **BACKGROUND**

In this action, Feng alleges that the United States Federal Bureau of Investigation ("FBI") is conspiring with the pharmaceutical industry to stalk her, poison her, and attempt to murder her to suppress a miracle medical therapy that Feng invented. *See* ECF No. 16 ¶¶ 3–5. On June 6, 2025, the Court entered an order denying Feng's motions for preliminary injunction and APA review and granting Tripp's motion to dismiss with prejudice. ECF No. 36.

On June 27, 2025, Feng moved to vacate judgment. ECF No. 40. On July 2, 2025, Feng moved to vacate the Court's order dismissing the case. ECF No. 42. On July 8, 2025, Tripp filed a brief opposing both motions. On July 14, 2025, Feng filed a reply. On August 20, 2025, Feng moved to complete or supplement the administrative record. ECF No. 47.

II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b), a movant may seek relief from a "final judgment, order, or proceeding" for six reasons: (1) mistake, inadvertence, surprise or excusable

1   neglect; (2) newly discovered evidence that by due diligence could not have been discovered
2   before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5)
3   satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *see*
4   *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**III.    DISCUSSION**

    **A.    Motions to Vacate Judgment and Order**

Feng's motion to vacate judgment, ECF No. 40, and motion to vacate order, ECF No. 42, raise substantially the same arguments. Feng argues that the Court's order dismissing the case "should be vacated because of the cumulative procedural errors, granted a moot motion, exclusion of critical evidences, inconsistent rulings, bias, Abuse of Discretion, and Violation Due Process." ECF No. 40 at 1; *see also* ECF No. 42 at 1–2.

Feng argues that the motion to dismiss was moot when the Court granted it, because "Plaintiff has already cured procedural deficiencies identified in prior filings." *Id.* at 2. But while Feng had filed an amended complaint, the motion to dismiss that the Court granted was Tripp's second motion to dismiss, which challenged the sufficiency of the amended complaint. ECF No. 24. Thus, it was not a moot motion.

Feng next argues that "the Court dismissed the case for lack of standing, yet concrete injuries were clearly established . . . ." ECF No. 40 at 2. But the Court did not dismiss the case for lack of standing; rather, the Court found it lacked jurisdiction under the substantiality doctrine. ECF No. 36 at 4.

Next, Feng argues that a number of the Court's case management decisions in this action warrant vacation of its order dismissing the case: that the Court erred by (1) issuing orders continuing a case management conference and dismissing the case on the same day; (2) granting Tripp's administrative motion to continue a case management conference without waiting for a response from Feng; (3) failing to rule on Feng's preliminary injunction motion for 2.5 months; (4) vacating the hearing on Feng's preliminary injunction motion. ECF No. 40 at 3–4. "It is well established that '[d]istrict courts have inherent power to control their dockets. . . . '" *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (quoting

*Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). "[A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . ." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 1008) (en banc) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (per curiam) (citation modified)). Feng has not presented any authority suggesting that any of the Court's case management decisions in this action warrant vacation of the Court's order. ECF No. 42 at 6.

Next, Feng argues that the Court erred in not granting Feng, a pro se plaintiff, leave to amend. ECF No. 40 at 4. But the Court considered her pro se status, ECF No. 36 at 4, and nevertheless determined that granting leave to amend would be futile in light of the Court's lack of jurisdiction over the action. *Id.*

Finally, Feng argues that the Court ought to have construed her suit to be against Tripp in his official, rather than his individual capacity. ECF No. 40 at 4; ECF No. 42 at 6. Feng does not explain how this would bear on the Court's finding that the substantiality doctrine bars its review of this action.

Because Feng has not presented a legitimate basis to vacate the Court's order dismissing the case, the Court will deny her motions to vacate judgment and to vacate the Court's order.

**B.   Motion to Supplement or Complete the Administrative Record**

Feng also moves to "complete or supplement the administrative record in this action." ECF No. 47. As an initial matter, the Court has already determined that it does not have jurisdiction over this case, so it has no power to grant the relief she seeks. ECF No. 36 at 4. But even if the Court had jurisdiction, it still could not grant this motion, which requests that "Defendants USCIS or ICE . . . produce the complete administrative record related to" Feng's immigration applications. ECF No. 47 at 2. The amended complaint does not name the United States Customs and Immigration Services or the United States Immigration and Customs Enforcement as defendants, *see* ECF No. 16 at 3, and does not request any relief related to Feng's immigration proceedings, *see id.* at 16–17. Accordingly, Feng's "requested relief is beyond the scope of the allegations in [her] complaint" and thus she is "not . . . entitled to the relief [she] seeks in this motion." *Nible v. CDCR*, No. 1:13-cv-01127 DLB (PC), 2013 WL 5315171, at *1

3

(E.D. Cal. Sept. 20, 2013).

## CONCLUSION

For the foregoing reasons, the Court denies Feng's motions to vacate order, to vacate judgment, and to supplement or complete the administrative record.

**IT IS SO ORDERED.**

Dated:  August 29, 2025



_____
JON S. TIGAR
United States District Judge